(61 Misc. Rep. 263.)

ROSENBLUM v. NEW YORK BUTCHERS' DRESSED MEAT CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. APPEAL AND ERROR (§ 997*)—DISMISSAL OF CAUSE OF ACTION—EVIDENCE—REVIEW.

The court on appeal from the dismissal of an action must view the testimony in its most favorable light for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4024; Dec. Dig. § 997.*]

2. CONTRACTS (§ 280*)—BUILDING CONTRACTS—CONSTRUCTION.

A contract for the construction of gates according to plans furnished by the owner, stipulating that the contractor "agrees that these gates shall be of first-class workmanship and material, and shall operate satisfactorily when erected," is satisfied on the contractor constructing in first-class workmanship and material the gates in accordance with the plans, so that they operate as satisfactorily as can reasonably be expected, considering the plans for their construction; the responsibility for the same resting on the owner.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1252; Dec. Dig. § 280.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Hill D. Rosenblum against the New York Butchers' Dressed Meat Company. From a judgment granting insufficient relief, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Meyer Greenberg, for appellant.
Mayer & Gilbert, for respondent.

FORD, J.   This is an appeal by the plaintiff from a judgment in his own favor. He sued on two causes of action, prevailing as to one, the smaller, and suffering a dismissal of the complaint as to another, the larger. He had contracted with the defendant to construct certain gates, and for his guidance obtained from its representative a blueprint plan of them. The defendant also sent to the plaintiff the following agreement which he duly executed:

"This agreement made and entered into this 29th day of August, 1907, by and between D. Holland Iron Co., party of the first part and the New York Butchers' Dressed Meat Company party of the second part witnesseth: That the party of the first part agrees to construct and erect across the street and sidewalks in West 39th street in such places as party of the first part may designate 4 folding lift gates according to the following specifications—each gate to be 15 feet long when extended and 6 feet 6 in. high—to be made of upright bars of about 1 in. to 1½ in. bar iron, these uprights to be securely fastened to 4 horizontal channel irons, two channels on each

side of each gate, size of channels to be 1½ in. The upright bars to be approximately 6 in. apart. Each gate to be securely fastened by reinforced hinges to an iron post with counterweights so arranged as to lift gates automatically after gates have been raised slightly above the horizontal position. These posts to be placed on opposite sides of 39th street one on each curb and to be sunk into the concrete foundation deep enough to give solidity to the gate. There shall also be an iron bar arranged as a bolt between the two gates across the street. Gates to be constructed in such a manner as to give sufficient lateral rigidity and to be painted with one coat of black paint. Party of the first part furthermore agrees that these gates shall be of first class workmanship and material and shall operate satisfactorily when erected.

"For and in consideration of the foregoing party of the second part agrees to pay to party of the first part the sum of two hundred eighty-five dollars ($285.00).

"[Signed] New York Butchers Dressed Meat Co., Per G. D. B.
"[Signed] D. Holland Iron Co., By D. Holland."

It is conceded that the gates were in all respects constructed in accordance with the plan and specifications, but it is unquestioned that they proved a failure, practically, when put in operation. The reason assigned is that they were too large and massive to be successfully operated on the counterweight principle, the style called for by the plan and contract. Viewing the testimony in its most favorable light for the plaintiff as we must, since the appeal is in effect from the dismissal of the cause of action which sought to recover the contract price for the erection of the gates, it likewise was proved that the gates operated as satisfactorily as could reasonably be expected considering their weight and dimensions. The mistake seems to have been in attempting to operate such large and heavy gates by counterweights. Defendant contends that the agreement of the plaintiff that the gates "shall operate satisfactorily when erected" is absolute and covers the practicability of the structure. The plaintiff insists that the agreement was satisfied when he produced gates that would operate as well as any such gates could be made to operate. The former contention goes to the design as well as to the actual construction, the latter throws the responsibility of the design onto the defendants and charges the plaintiff only with the obligations of proper materials, workmanship, and construction according to that design. It seems to me that the plaintiff's contention is the more reasonable one both in the light of the evidence adduced by the plaintiff—the only evidence we have before us on this appeal—and on the authority of MacKnight Flintic Stone Co. v. Mayor, etc., 160 N. Y. 72, 54 N. E. 661.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.